Image ID: D00006619D32

**SUMMONS**

Doc. No. 6619

IN THE DISTRICT COURT OF Thayer COUNTY, NEBRASKA
225 N. 4th St., Rm 302
Hebron                    NE 68370

RECEIVED
OCT 14 2015
BY: [signature]

State Farm Mutual Automobile Insurance Co., et.al. v. Jessie L. Fuller, et.al.

Case ID: CI 15    52

TO: Sylvia M Burwell

RECEIVED
NOV 02 2015
HHS OGC-KCMO

You have been sued by the following plaintiff(s):

    State Farm Mutual Auto Insurance Co    Jessie D Payne

| | |
|---|---|
| Plaintiff's Attorney: | Torrey L Janus Gerdes |
| Address: | Wells Fargo Center |
| | 1248 "O" St., Suite 600 |
| | Lincoln, NE 68508 |
| Telephone: | (402) 475-1075 |

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: OCTOBER 8, 2015    BY THE COURT: [signature] Stacy J. McLaughlin
                                                                                  Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    Sylvia M Burwell
    The U.S.Dept of Health & Human Serv
    200 Independence Avenue, S.W.
    Washington, DC 20201

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

IN THE DISTRICT COURT OF THAYER COUNTY, NEBRASKA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and JESSIE D. PAYNE | ) ) ) ) | Case No. 15 - 52 |
| Interpleader Plaintiffs, | ) ) ) | COMPLAINT IN INTERPLEADER |
| vs. | ) ) ) | |
| JESSIE L. FULLER; KIMBERLY FULLER; EDWARD R. VALENCIA, personal representative of the ESTATE OF DEYANNE J. VALENCIA; EDWARD R. VALENCIA, an individual; HARMS FARM TRUCKING, INC., NATIONAL AMERICAN INSURANCE COMPANY; BRYAN HEALTH; NEUROLOGY ASSOCIATES, P.C.; SYLVIA M. BURWELL, Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **FILED** OCT 0 7 2015 CLERK OF DISTRICT COURT THAYER COUNTY HEBRON, NE |
| Interpleader Defendants. | | |

PLAINTIFFS, Jessie D. Payne and State Farm Mutual Automobile Insurance Company (collectively hereinafter "Plaintiffs"), by and through their attorneys, and for their cause of action against the Defendants, allege as follows:

1. Plaintiff Jessie D. Payne (hereinafter referred to as "Payne") is a resident of Hubbell, Thayer County, Nebraska.

2. Plaintiff State Farm Mutual Automobile Insurance Company (hereinafter referred to as "State Farm") is a foreign mutual insurance company authorized to transact business in the State of Nebraska. State Farm insured Payne at the time of the accident referenced herein.

3. Defendant Jessie L. Fuller is a resident of Beatrice, Gage County, Nebraska.

4. Defendant Kimberly Fuller is a resident of Beatrice, Gage County, Nebraska.

5. Defendant Edward R. Valencia is a resident of Tucson, Pima County, Arizona. He is named herein individually and in his capacity as the personal representative of the Estate of Deyanne J. Valencia, deceased.

Page 1 of 4

000011229D32

6. Defendant Harms Farm Trucking, Inc. is a Nebraska corporation with its principal place of business in Beatrice, Gage County, Nebraska.

7. Defendant National American Insurance Company is an Oklahoma corporation authorized to transact business as an insurance company under the laws of the State of Nebraska.

8. Defendant Bryan Health is a Nebraska nonprofit corporation with its principal place of business located in Lincoln, Lancaster County, Nebraska.

9. Defendant Neurology Associates, P.C. is a Nebraska professional corporation with its principal place of business in Lincoln, Lancaster County, Nebraska.

10. Defendant Sylvia M. Burwell is the Secretary of the United States Department of Health and Human Services, acting through the Administrator of the Centers for Medicare & Medicaid Services ("CMS"), is the real party in interest in any litigation involving the administration of the Medicare program. This Defendant is hereafter referred to as "Medicare."

11. On October 4, 2013, a vehicle driven by Payne was involved in a motor vehicle accident (the Accident) with a vehicle driven by Deyanne Valencia in or near the intersection of Nebraska State Highway 8 and U.S. Highway 81 in Thayer County, Nebraska. The impact caused Ms. Valencia's vehicle to strike the vehicle driven by Defendant Jessie Fuller.

12. Payne purchased a policy of automobile liability insurance from State Farm that provided certain liability coverage. That policy was in full force and effect at the time of the Accident. The policy provides for, inter alia, limits of liability of $50,000.00 per person and $100,000.00 per occurrence pursuant to the terms, conditions, limitations, exclusions and other provisions of the policy of insurance (the Policy). Attached hereto as Exhibit "A" and incorporated herein by this reference is a true and accurate copy of the declarations page of the Policy.

13. Deyanne Valencia is alleged to have died and Jessie Fuller and Edward Valencia allege that they suffered injury as a result of the Accident. Defendant Kimberly Fuller has alleged that she suffered loss of society, companionship, services, comfort and consortium of her husband, Jessie Fuller, as a result of the Accident.

14. At the time of the Accident, Jessie Fuller is alleged to have been acting in the course and scope of his employment with Harms Farm Trucking, Inc. National American Insurance Company on behalf of Harms Farm Trucking, Inc. is alleged to have paid certain benefits to Jessie Fuller pursuant to the Nebraska Workers' Compensation Act for which

Page 2 of 4

National American Insurance Company and/or Harms Farm Trucking, Inc. claim they are subrogated to the proceeds of the Policy pursuant to Nebraska law.

15. Bryan Health and Neurology Associates, P.C. provided medical treatment to Deyanne Valencia as a result of the Accident and each has claimed a lien or right to reimbursement from the proceeds of the Policy.

16. The United States Department of Health and Human Services, through its delegate agency Medicare, paid certain medical expenses on behalf of Deyanne Valencia as a result of the Accident and claims a lien or right to reimbursement from the proceeds of the Policy.

17. All Defendants have notified the Plaintiffs of a claim or potential claim to all or some portion of the total $100,000.00 limits of liability coverage available under the Policy. The total of the claims made by the Defendants against the Policy exceed the total $100,000.00 limits of liability available under the Policy.

18. Rather than incurring the cost and expense of litigation, Payne and State Farm have offered to pay the $100,000.00 liability limits of the Policy to Defendants; Plaintiffs and Defendants Jessie Fuller, Kimberly Fuller, and Edward Valencia have entered into a settlement agreement (hereinafter referred to as "Settlement Agreement") attached hereto as Exhibit "B" and incorporated herein by reference.

19. The Settlement Agreement provides that a check in the total amount of $100,000.00 shall be deposited with the Clerk of the District Court of Thayer County, Nebraska, to be held until further order of the Court concerning the interests of the parties, if any, in and to those funds.

20. The Plaintiffs are ready, willing, and able to pay the sum of $100,000.00 to the Defendants. The Plaintiffs make no claim to the sum itself. Because of the adverse claims for payment, the Plaintiffs cannot determine to whom said sums should be paid and cannot make payment to any of the Defendants without being subjected to possible multiple liability.

21. Contemporaneously with the filing of this civil action, State Farm deposited with the Clerk of the District Court of Thayer County, Nebraska, the sum of $100,000.00, this sum being the full amount due and owing under the Settlement Agreement, to be held by the Court during the pendency of this litigation.

WHEREFORE, the Plaintiffs pray as follows:

A. That the $100,000.00 limits of liability coverage under the Policy be deposited with the Clerk of the District Court of Thayer County, Nebraska, to be disbursed upon further order of this Court.

B. That each of the Defendants be directed to appear and answer and to assert whatever claims they have to the limits of liability coverage payable under the Policy.

C. That the rights of the Defendants in the above-referenced fund be determined and that the Plaintiffs be relieved from any and all liability for any further payment under the Policy.

D. That the Defendants be required to file in this civil action their respective claims to some or all of the proceeds of the Policy and that upon adjudication of the same, those claims against the Plaintiffs shall be extinguished.

E. That the Plaintiffs and each of them be dismissed from this action and be discharged of all liability to any and all of the above-named Defendants for claims under the Policy, as the full amount due and owing under the Policy was paid into the Court.

F. For such other and further relief as the Court deem just, proper and equitable.

        STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and JESSIE D. PAYNE, Plaintiffs,

By: Baylor, Evnen, Curtiss, Grimit & Witt, LLP
1248 "O" Street, Suite 600
Lincoln, NE 68508
402/475-1075

By: /s/ Torrey J. Gerdes
Stephen S. Gealy, # 17051
Torrey J. Gerdes, #23924

**StateFarm** State Farm Mutual Automobile Insurance Company
222 South 84th Street
Lincoln NE 68510

**DECLARATIONS PAGE**

NAMED INSURED
AT2        27-7122-22LR   A
001008  0056
PAYNE, SUSAN & JESSIE
312 PENNSYLVANIA
HUBBELL NE 68375

POLICY NUMBER   090 6623-E09-27
POLICY PERIOD MAY 09 2013 to NOV 09 2013
12:01 A.M. Standard Time

**AGENT**
DICK WALSH INSURANCE AGCY INC
1248 LINCOLN AVE
HEBRON, NE 68370-1726

PHONE: (402)768-6426

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSED.**

**YOUR CAR**

| 1976 | CHEVROLET | K1500 | PICKUP | CKV146F324445 | 603H101000 |

| SYMBOL | COVERAGE LIMITS | PREMIUM |
|---|---|---|
| A | Liability Coverage | $65.74 |
| | Bodily Injury Limits | |
| | Each Person, Each Accident | |
| | $50,000    $100,000 | |
| | Property Damage | |
| | Each Accident | |
| C | Medical Payments Coverage | $7.62 |
| | $3,000 | |
| U | Uninsured Motor Vehicle Coverage | $3.06 |
| | Each Person, Each Accident | |
| W | Underinsured Motor Vehicle Coverage | $4.51 |
| | Each Person, Each Accident | |

**New Policy Form**

State Farm works hard to offer you the best combination of price, service, and protection. The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports including credit history.

Your premium was determined by information from consumer reports: Time Since Most Recent Account Delinquency; Length of time accounts have been established; Time Since Most Recent Adverse Public Record Item; Num of Cons Initiated Credit Card Inquiries and the Percent of Accts with a Bal.

Consumer report reference number: 13128141428397

Credit Information was obtained on: SUSAN PAYNE

Please refer to the enclosed insert for additional information.

Location used to determine rate charged-312 PENNSYLVANIA, HUBBELL NE 68375.

**EXHIBIT A**

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first Insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Yowell*
Secretary

*Edward B. Rust Jr.*
President

# TORY ENDORSEMENT

f the policy. Except for the changes this endorsement makes, all other provisions e and apply to this endorsement.

ad:

is policy may allow:

e or obtain certain cover-
: options, coverage de-
rage limits, or coverage
use, subject to their ap-
products from the *State*
tity rules; or

r price for other products
reased by you, includ-
ce products or services,
ther products or services
ded by the *State Farm*
by an organization that
o an agreement or con-
*State Farm Companies.*
m *Companies* do not
rchantability, fitness, or
product or service of-
ed by that organization.
GE

at and Supplementary
ced by the following:
ement

ay damages an *insured*
egally liable to pay be-

injury to others; and
; to property

an accident that in-
shicle for which that in-
provided Liability
ry this policy.

e right to:

igate, negotiate, and set-
claim or lawsuit;

I an *insured* in any
or lawsuit, with attor-
hosen by us; and
any award or legal de-

for damages payable under this pol-
icy's Liability Coverage.

**Supplementary Payments**

*We* will pay, in addition to the damag-
es described in the Insuring Agree-
ment of this policy's Liability
Coverage, those items listed below that
result from such accident:

1. Attorney fees for attorneys chosen
 by *us* to defend an *insured* who is
 sued for such damages. *We* have
 no duty to pay attorney fees in-
 curred after *we* deposit in court or
 pay the amount due under the In-
 suring Agreement of this poli-
 cy's Liability Coverage;

2. Court costs awarded by the court
 against an *insured* and resulting
 from that part of the lawsuit:

 a. that seeks damages payable
 under this policy's Liability
 Coverage; and

 b. against which *we* defend an
 *insured* with attorneys chosen
 by *us*.

 *We* have no duty to pay court costs
 incurred after *we* deposit in court
 or pay the amount due under the
 Insuring Agreement of this poli-
 cy's Liability Coverage;

3. Interest the *insured* is legally lia-
 ble to pay on damages payable un-
 der the Insuring Agreement of
 this policy's Liability Coverage:

 a. before a judgment, but only
 the interest on the lesser of:

 (1) that part of the damages
 *we* pay; or

 (2) this policy's applicable
 Liability Coverage limit;
 and

 b. after a judgment.

*We* have no duty to pay interest
that accrues after *we* deposit in
court, pay, or offer to pay, the
amount due under the Insuring
Agreement of this policy's Liabil-
ity Coverage. *We* also have no du-
ty to pay interest that accrues on
any damages paid or payable by a
party other than the *insured* or *us*;

4. Premiums for bonds, provided by
 a company chosen by *us*, required
 to appeal a decision in a lawsuit
 against an *insured*. *We* have no
 duty to:

 a. pay for any bond with a face
 amount that exceeds this poli-
 cy's applicable Liability Cov-
 erage limit;

 b. furnish or apply for any
 bonds; or

 c. pay premiums for bonds pur-
 chased after *we* deposit in
 court, pay, or offer to pay, the
 amount due under the Insur-
 ing Agreement of this poli-
 cy's Liability Coverage; and

5. The following costs and expenses
 if related to and incurred after a
 lawsuit has been filed against an
 *insured*:

 a. Loss of wages or salary, but
 not other income, up to $200
 for each day an *insured* at-
 tends, at *our* request:

 (1) an arbitration;
 (2) a mediation; or
 (3) a trial of a lawsuit; and

 b. Reasonable expenses incurred
 by an *insured* at *our* request
 other than loss of wages, sala-
 ry, or other income.

 The amount of any of the costs or
 expenses listed above that are in-
 curred by an *insured* must be re-
 ported to *us* before *we* will pay
 such incurred costs or expenses.

b. **Exclusions**

1. The exception to exclusion 7. is
 changed to read:

 This exclusion does not apply to:

 a. *you*;

 b. any *resident relative*; or
 c. any agent, employee, or busi-
 ness partner of a. or b. above
 while maintaining or using *your
 car*, a newly acquired car, a tem-
 porary substitute car, or a trailer
 owned by *you*.

2. The exception to exclusion 10. is
 changed to read:

 This exclusion does not apply to
 damage to a:

 a. motor vehicle *owned by* the
 employer of *you* or any *resi-
 dent relative* if such damage
 is caused by an *insured* while
 operating another motor vehi-
 cle;

 b. residence while rented to or
 leased to an *insured*; or

 c. private garage while rented to
 or leased to an *insured*.

3. **MEDICAL PAYMENTS COVERAGE**

 **Exclusions**

 The exception to exclusion 5. is changed to read:

 This exclusion does not apply to:

 a. *you*;

 b. any *resident relative*; or

 c. any agent, employee, or business partner of a. or b. above

 while maintaining or using *your car*, a new-
 ly acquired car, a temporary substitute car,
 or a *trailer* owned by *you*.

4. **UNINSURED MOTOR VEHICLE COV-
 ERAGE**

 **Additional Definitions**

 The following sentence is deleted from item 3.
 of *Insured*.

 "Such other *person occupying* a vehicle used to
 carry *persons* for a charge is not an *insured*."

5. **UNDERINSURED MOTOR VEHICLE
 COVERAGE**

 **Additional Definitions**

 The following sentence is removed from item 3.
 of *Insured*.

 "Such other *person occupying* a vehicle used to
 carry *persons* for a charge is not an *insured*."

Page 1 of 4
ght, State Farm Mutual Automobile Insurance Company, 2011
6927A.2

Page 2 of 4
©, Copyright, State Farm Mutual Automobile Insurance Company, 2011
6927A.2

StateFarm
v02775

**PLEASE ATTACH TO YOUR POLICY BOOKLET**

Policy Number: 090 6623-E09-27

6. **GENERAL TERMS**

   a. The following is added to 2. Where Coverage Applies:

   Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage apply anywhere in the world.

   b. The following is added:

   **Limited Coverage in Mexico**

   This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If you or any other *insured* plan to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

   Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and *losses* that occur in Mexico within 50 miles of the United States of America border and only for *insureds* as defined under each of the following coverages:

   a. **Liability Coverage**

   For claims brought against an *insured* in Mexico, the Supplementary Payments provision of this policy's Liability Coverage is changed to read:

   We may, in addition to the damages described in item 1. of the Insuring Agreement of this policy's Liability Coverage, pay or reimburse, at our option, reasonable attorney fees for an attorney licensed in Mexico to appear for and provide advice to *insureds* as defined under this policy's Liability Coverage. The amount of such attorney fees incurred by an *insured* must be reported to *us* before we will make payment.

   b. **Medical Payments Coverage**

   c. **Physical Damage Coverages**

   Any amount payable for the repair or replacement of the *covered vehicle* under the Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage provision of this policy will be limited to the cost to repair or

replace the *covered vehicle* in the United States of America.

WE HAVE NO DUTY TO PROVIDE A DEFENSE FOR *YOU* OR ANY OTHER *INSURED* IN ANY CRIMINAL, CIVIL, OR OTHER ACTION. WE HAVE NO DUTY TO PAY ANY CLAIM OR COST THAT WOULD NOT BE PAYABLE UNDER THIS POLICY IF THE ACCIDENT OR *LOSS* HAD OCCURRED IN THE STATE OF NEBRASKA IN THE UNITED STATES OF AMERICA.

All other policy provisions not in conflict with the provisions in this Limited Coverage in Mexico provision of this policy apply.

**If Other Coverage Applies**

Any coverage provided by this Limited Coverage In Mexico provision is excess over any other applicable insurance.

**Legal Action Against Us**

Any legal action against *us* arising out of an accident or *loss* occurring in Mexico must be brought in a court that has jurisdiction in the state of Nebraska in the United States of America.

c. Paragraph c. of 5. Premium is changed to read:

   c. The premium for this policy may vary based upon:

   (1) the purchase of other products or services from the *State Farm Companies*;

   (2) the purchase of products or services from an organization that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization; or

   (3) an agreement, concerning the insurance provided by this policy, that the *State Farm Companies* has with an organization of which *you* are a member, employee, subscriber, licensee, or franchisee.

e. 7. Nonrenewal is changed to read:

   7. **Nonrenewal**

   If we decide not to renew this policy, then, at least 30 days before the end of the current policy period, we will mail a nonrenewal notice to the most recent policy address that we have on record for the named insured who is shown on the Declarations Page.

---

1. *[partial text at edge]* We Mi changed *We* wri add nan Dec pro eff

# COMPLETE RELEASE

## 1.  INTRODUCTION, DESCRIPTION OF PARTIES

The parties referred to in this release are:

    a.    The Claimants shall mean individually or collectively, regardless of the pronoun used, Edward R. Valencia, individually and as personal representative of the Estate of Deyanne J. Valencia, deceased for the benefit of the personal representative, the estate, and the heirs at law, next of kin, and the dependents of Deyanne J. Valencia, deceased; Kristin D. Stevens, Erika Albor, and Laurel Loew, individually and as beneficiaries of the Estate of Deyanne J. Valencia, deceased, and as heirs at law of Deyanne J. Valencia; Jessie L. Fuller; and Kimberly Fuller, as well as each of their agents, personal representatives, employees, heirs, executors, administrators, successors and assigns, all of whom are collectively referred to in this release as the "Claimants."

    b.    The Released Parties are:

Jessie D. Payne and State Farm Mutual Automobile Insurance Company, together with any of their heirs, personal representatives, predecessors, successors, assigns, employers, employees, attorneys, agents, officers, directors, board members, insurers, re-insurers, parent, subsidiary and affiliated companies, and all other persons, firms and corporations, all of whom are collectively referred to in this release as "Released Parties."

## 2.  CLAIMS RELEASED

For the consideration recited in paragraph 4 of this release, the Claimants fully and forever release and discharge the Released Parties from any and all claims, actions, causes of action, demands, contractual obligations, damages of any kind, any and all claims for pre-settlement or post-settlement and/or pre-judgment or post-judgment interest, costs, loss of services, including marital services or loss of consortium, expenses, attorney fees, compensation of any kind, third-party actions, suits at law or in equity, including claims or suits for contribution and/or indemnity of whatever nature, as well as all consequential damages and any and all derivative claims, and from any and all liability for damages of whatever kind or nature, by reason of personal or bodily injuries, loss of comfort, society, companionship, support, services or consortium, illness, disease or damage to property, known and unknown, and of every kind and nature, including, but not by way of limitation, those to the property of the deceased arising from or in any way connected with the Incident, and arising from or in any way connected with the transportation, hospitalization, treatment, care, burial, pain, suffering, injuries and death of Deyanne J. Valencia, deceased, and for on account of or in any way growing out of or in any way related to the "Incident" described in paragraph 3 of this release.

The Claimants acknowledge and represent that this release covers all injury and damages, whether known or not, and which may after signing of this release appear to develop arising from the Incident. The Claimants acknowledge that in some cases damages may be progressive,

Page 1 of 8



and the precise amount of damages is uncertain and indefinite, and acknowledge that they have had the opportunity to seek any and all medical care, consultation or treatment before executing this release. The Claimants understand that this release covers all injuries and damages, even though the injuries or damages may later be more severe or of a different nature than now believed. The Claimants waive any claim that they are mistaken about the nature of their injuries or their damages, whatever the basis for their claimed mistake, including, but not limited to, misdiagnosis, lack of testing or treatment, degeneration, lack of symptoms or discovery.

This release is also for every claim, right, demand or cause of action of whatever kind or nature arising under any policy of insurance, contract for indemnity, or risk pool agreement issued by State Farm Mutual Automobile Insurance Companies or its affiliates, subsidiary or parent companies or reinsurers, which in any way provides liability or indemnity coverage relating to the Incident and this release is also for every claim, right, demand or cause of action of whatever kind or nature, by reason of personal injury, damage or otherwise, sustained or alleged to have been sustained by any act or action of Released Parties in any way relating to the processing or adjusting of any claim submitted by any Claimant, specifically including, but not limited to, any claim that the Released Parties acted in bad faith.

## 3.    INCIDENT

The "Incident" described in this release refers to the following:

> The accident which occurred on or about October 4, 2013, in Thayer County, Nebraska wherein a vehicle operated by Jessie Payne collided with a vehicle operated by Deyanne J. Valencia in which Edward Valencia was a passenger and in which the Valencia's vehicle subsequently collided with the vehicle operated by Jessie Fuller in or near the intersection of Nebraska State Highway 8 and U.S. Highway 81 in Thayer County, Nebraska.

The Incident is more particularly described in the lawsuit filed by one or more of the Claimants in the County Court of Thayer County, appearing in the records of such court as Case No. CI 14-180 (the "Suit").

## 4.    CONSIDERATION

The consideration for signing this release is the total sum of $100,000.00 paid by or on behalf of the Released Parties to the Clerk of the District Court of Thayer County, Nebraska in conjunction with filing an Interpleader action in the District Court of Thayer County, Nebraska, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Claimants who, by signing this release, stipulate and agree to the adequacy of the consideration.

## 5.    RELEASE, FINAL AND BINDING

The Claimants acknowledge that this release and settlement is mutual, final and binding upon the parties, regardless of whether too much or too little has been paid. The Claimants further

### 8. COSTS AND EXPENSES

The Claimants acknowledge that they are responsible for all of their expenses and attorney fees with respect to this Incident, and that such fees and expenses are not the responsibility of the Released Parties, and all amounts for attorney fees and expenses are included within this release.

### 9. DISMISSAL OF SUIT

The Claimants agree to dismiss, with prejudice, the Suit and any other pending lawsuit relating to the Incident, with each party to pay its own costs, and to execute any documents necessary to effectuate such dismissal.

### 10. MEDICARE

The Claimants represent and warrant as follows:

a. None of the Claimants is currently entitled to Medicare.

b. No Medicare conditional payments have been made on the Claimants' behalf, and none of the bills or expenses incurred for treatment of injuries the Claimants received relating to the Incident have been submitted to or paid by Medicare.

c. The Claimants understand there is a possibility that this settlement may impact, limit or preclude the Claimants' right or ability to receive Medicare benefits for any future treatment or injuries relating to the Incident.

d. Prior to her death, Deyanne J. Valencia was a Medicare beneficiary and Centers for Medicare & Medicaid Services ("Medicare") made conditional payments on her behalf for bills or expenses incurred for treatment of injuries she received as a result of the Incident.

Claimant Edward Valencia, personal representative of the Estate of Deyanne J. Valencia, deceased, acknowledges that the Released Parties are relying upon this warranty concerning the current Medicare status of Deyanne J. Valencia and specifically agrees to satisfy, indemnify and hold harmless the Released Parties from any and all penalties, liens, conditional payments, fines, demands and actions in law or equity, if any of the undersigned warranties as to Deyanne J. Valencia's status are inaccurate. Claimant Edward Valencia, personal representative of the Estate of Deyanne J. Valencia, deceased, has not knowingly misrepresented the Medicare beneficiary status of Deyanne J. Valencia, deceased.

Claimant Edward Valencia, personal representative of the Estate of Deyanne J. Valencia, deceased, represents and warrants as follows:

i. I agree to fully indemnify and hold harmless the Released Parties from any and every claim or demand of every kind or character which may ever be

asserted by or on behalf of Medicare against the Released Parties by reason of the Incident or any of the injuries, illness or disease, medical treatment or the effects or consequences thereof to Deyanne J. Valencia, deceased or to the Estate of Deyanne J. Valencia;

ii. I understand that Medicare's right to reimbursement of its conditional payment will be determined in the interpleader action to be filed in the District Court of Thayer County, Nebraska.

iii. In consideration of the payment(s) set forth and acknowledged above, I, Edward Valencia, personal representative of the Estate of Deyanne J. Valencia, deceased, waive, release, and forever discharge the Released Parties from any and all obligations for any claim, known or unknown, arising out of the failure of Released Parties to provide for a primary payment or appropriate reimbursement pursuant to 42 U.S.C. 1295y(b)(3)(A);

iv. I understand I have the right to seek a waiver, partial waiver, or pursue an appeal of the amount of the conditional payment recovery sought by Medicare, and I agree that if I choose to request a waiver, partial waiver or pursue an appeal I will nevertheless, pending the outcome of such waiver request or appeal, comply in all respects with the terms of this Release and will repay Medicare's final demand within 60 days of receiving the Final Demand Letter from the Medicare Secondary Payer Recovery Contractor;

v. I agree to execute and deliver to the Released Parties copies of all documents or agreements and do such further acts and things as the Released Parties may reasonably request when necessary to effectuate the purposes of this Release, including but not limited to providing the Released Parties copies of all documents provided to or received from Medicare regarding this settlement;

vi. Should any person or entity not a party hereto challenge the validity of this Release, or any term thereof, pursue recovery of monies from the Released Parties or bring a claim or claims against the Released Parties arising out of 42 U.S.C. § 1395y(b) related to payment for items or services related to the injuries claimed by Deyanne J. Valencia or the Estate of Deyanne J. Valencia as a result of the Incident, I agree to provide to the Released Parties such cooperation and assistance as the Released Parties may reasonably request in order to resist such a challenge or defend such a claim;

vii. I represent to the Released Parties that Deyanne J. Valencia is deceased and thus, I am not aware of any medical provider who has offered an opinion that Deyanne J. Valencia is reasonably likely to require future medical treatment for injuries related to the Incident which would otherwise be covered by Medicare, and further represent that no future medical treatment for injuries which would otherwise be covered by Medicare will be necessary as a result

      of the Incident. Accordingly, I have elected not to set aside any of the settlement proceeds for future care of Deyanne J. Valencia;

viii.  The parties have attempted to resolve this matter in compliance with both state and federal law, and believe the terms of this Release adequately considers Medicare's interests and does not reflect any attempt to avoid or shift responsibility under 42 U.S.C. § 1395y. I understand that any future action or decision by CMS, Medicare or the MSPRC will not render this Release void or ineffective, or in any way affect the finality of this settlement. I understand that despite the steps taken by the parties to protect Medicare's interests in this settlement, there remains a possibility this settlement may impact Deyanne J. Valencia's ability to receive Medicare benefits for injuries related to the Incident and nevertheless desires to proceed with this settlement.

ix.  I understand and acknowledge that the Released Parties may have reporting obligations under §111 of the MMSEA and agree to cooperate with Releasees so they may fulfill all reporting requirements in connection with the full amount of the settlement reflected in this Release.

## 11. GOVERNING LAW AND VENUE

This release shall be construed and enforced in accordance with and governed by the laws of the State of Nebraska.

## 12. ENTIRE AGREEMENT

The Claimants represent that no promise, inducement or agreement not expressed in this release has been made, and in executing this release the Claimants are not relying upon any statement or representation made by the Released Parties, or anyone acting on their behalf, but instead are relying upon the Claimants' own judgment.

## 13. KNOWING AND VOLUNTARY

The Claimants declare that they have read this release and fully understand its terms; are represented by an attorney or have had the opportunity to seek the advice of an attorney; each of the them were provided a copy of this release prior to the date on which it is signed and were given full opportunity to discuss the meaning, significance, and effect of this document and the settlement reflected herein; and the Claimant's signatures below are their knowing, voluntary, and deliberate act reflecting that each Claimant wishes to accept the terms of settlement herein. The undersigned Claimants expressly represent that this release reflects their intent to voluntarily accept said sum on the terms set forth herein for the purposes of making a full and complete settlement for all of the damages they claim against the Released Parties.

## 15. EXECUTION

This release may be executed in multiple counterparts, each of which shall constitute an original release and all of which shall constitute the entire release. For proof purposes, it shall not be necessary to produce or account for all counterparts, and copies, facsimile copies and email copies of original signatures may be used.

In witness whereof, each of the undersigned has executed this release as of the date next to the signatures below.

_9-9-15_
Date

_Edward R. Valencia_
Edward R. Valencia,
Individually and as personal representative of the Estate of Deyanne J. Valencia

_____1, 2015_
Date

Kristin D. Stevens,
Individually, as beneficiary of the Estate of Deyanne J. Valencia, and as heir at law of Deyanne J. Valencia

_8/8/2015_
Date

Erika Albor, Alvord
Individually, as beneficiary of the Estate of Deyanne J. Valencia, and as heir at law of Deyanne J. Valencia

_____
Date

Laurel Loew,
Individually, as beneficiary of the Estate of Deyanne J. Valencia, and as heir at law of Deyanne J. Valencia

## 15. EXECUTION

This release may be executed in multiple counterparts, each of which shall constitute an original release and all of which shall constitute the entire release. For proof purposes, it shall not be necessary to produce or account for all counterparts, and copies, facsimile copies and email copies of original signatures may be used.

In witness whereof, each of the undersigned has executed this release as of the date next to the signatures below.

_____
Date

Edward R. Valencia,
Individually and as personal representative of the Estate of Deyanne J. Valencia

_____
Date

Kristin D. Stevens,
Individually, as beneficiary of the Estate of Deyanne J. Valencia, and as heir at law of Deyanne J. Valencia

_____
Date

Erika Albor,
Individually, as beneficiary of the Estate of Deyanne J. Valencia, and as heir at law of Deyanne J. Valencia

_A Sept 1, 2015_
Date

Laurel Loew,
Individually, as beneficiary of the Estate of Deyanne J. Valencia, and as heir at law of Deyanne J. Valencia

Page 7 of 8

9-10-15
Date

_____  
Jessie L. Fuller

9-10-15
Date

Kimberly Fuller  
Kimberly Fuller

Page 8 of 8